UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THE ESTATE OF GREGORY DAVIS, )<br>Melissa Davis, Administrator and )<br>MELISSA DAVIS, individually, )<br>                Plaintiffs, )<br>                              )<br>v.                              )<br>                              )<br>SERHAT DANIEL GUMRUKCU, )<br>                Defendant. ) | Civil Case. No.: 5:22-cv-0123 |

### WILLIAM ANDERSON WITTEKIND'S EMERGENCY MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO CLARIFY THE WRIT OF ATTACHMENT[1]

William Anderson Wittekind, through his attorneys, Sheehey Furlong & Behm P.C., hereby moves pursuant to Federal Rule of Civil Procedure 24 to intervene in the above captioned action for the limited purpose of filing a motion to clarify the writ of attachment previously entered by this Court. On July 7, 2022, this Court issued an order allowing, in pertinent part, the ex parte prejudgment attachment of all of Serhat Daniel Gumrukcu's Enochian Biosciences Inc. stock. J.P. Morgan Securities LLC ("J.P. Morgan") has refused to release to Mr. Wittekind, who is Mr. Gumrukcu's spouse, Enochian Biosciences Inc. stock certificates that are solely in Mr. Wittekind's name. Enochian Biosciences Inc. stock certificates that are solely in Mr. Wittekind's name are *not* Mr. Gumrukcu's stock certificates nor is Mr. Wittekind a party to this matter or someone against whom such a prejudgment attachment can be levied in this case. Thus, Mr. Wittekind respectfully requests that the Court allow him to intervene and clarify its

---

[1] Because Mr. Wittekind has already pursued multiple avenues to regain access to his own stock certificates without success, and because the continued denial of access to his personal property causes him ongoing prejudice, Mr. Wittekind respectfully requests that the Court hear this matter as soon as possible.

attachment order to provide that Enochian Biosciences Inc. stock solely in the name of Anderson Wittekind, by whomever and however held, are not the subject of the attachment order.

## INTRODUCTION

Mr. Wittekind's shares of stock in Enochian Biosciences Inc. have been unjustly withheld by J.P. Morgan as a result of the writ of attachment having been issued for Mr. Gumrukcu's stock in this case. While Mr. Wittekind has diligently pursued alternative avenues of recourse to obtain his shares, including by seeking relief in New York where such property is held,[2] none have been availing to date. Nor is it likely that they will be, absent clarification from this Court of the meaning of the writ of attachment it has issued in this case. That clarification is the sole defense Mr. Wittekind seeks to raise through intervention in this matter and is the subject of his separate motion filed contemporaneously herewith.

On July 7, 2022, this Court entered an Order that "all of the defendant's Enochian Biosciences, Inc. stock be attached and the defendant immediately deliver all of his stock certification in Enochian Biosciences, Inc. to the Clerk of Court." Mr. Wittekind and Mr. Gumrukcu have a brokerage account with J.P. Morgan. They have placed in that account paper certificates of stock—some are solely in Mr. Gumrukcu's name, some are solely in Mr. Wittekind's name, and some are in both of their names. Mr. Wittekind seeks release only of the certificates solely in his name. Mr. Wittekind has asked J.P. Morgan on multiple occasions since June to release the stock certificates solely in his name, to no avail. J.P. Morgan has

---

[2] The action in New York court is still pending. Mr. Wittekind sought a preliminary injunction, which was opposed by J.P. Morgan. J.P. Morgan argued that preliminary injunctive relief was inappropriate because the Customer Service Agreement it has with Mr. Wittekind allows J.P. Morgan to restrict access to his account on numerous grounds, and because any damage can be addressed through monetary relief. J.P. Morgan has made clear that it will release the stock certificates upon a clarifying order from this Court.

communicated to counsel for Mr. Wittekind that it will not release Mr. Wittekind's paper stock certificates absent an order from this Court.

**MEMORANDUM**

Under Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in an action as of right if the party: (1) "claims an interest relating to the property or transaction which is the subject of the action," (2) "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest" and (3) that interest is not "adequately represent[ed]" by existing parties.  The application must also be timely. *United States v. City of New York*, 198 F.3d 360, 364 (2d Cir.1999).  All four requirements are met here.

First, Mr. Wittekind must demonstrate that he has "an interest relating to the property or transaction which is subject of the action."  To intervene, this interest must be "direct, substantial, and legally protectable." *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) (citation omitted).  The "claim of ownership in attached property" is among the paradigmatic "examples of particular interests which have been held to support intervention of right under the established practice" prior to the adoption of Rule 24 in its modern form. *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 146 (1967) (Stewart, J. dissenting).   Given that Rule 24 did not abridge this established practice but rather "amplifie[d] and restate[d] the present federal practice at law and in equity…. [injecting] some elasticity," this right of intervention remains strongly protected. *See, e.g.*, *Preble-Rish Haiti, S.A. v. Republic of Haiti*, 558 F. Supp. 3d 155, 158 (S.D.N.Y. 2021) (recognizing right to intervene under Rule 24(a)(2) by bank claiming its funds had been wrongfully attached to an action); *American Jerex Co. v. Universal Aluminum Extrusions, Inc.*, 340 F. Supp. 524 (E.D.N.Y. 1972) (recognizing right to intervene in assignee of attached property). Certainly, "[i]nterests in property are the

most elementary type of right that Rule 24(a) is designed to protect." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). Mr. Wittekind's interests affected by this action are direct, substantial, and legally protectable.

Second, Mr. Wittekind must further demonstrate that "disposing of the action may as a practical matter impair or impede" his ability to protect his interests. "It generally is agreed that in determining whether disposition of the action will impede or impair the movant's ability to protect its interest the question must be put in practical terms rather than in legal terms." 7C Fed. Prac. & Proc. Civ. § 1908.2 (3d ed.). It is inescapable that Mr. Wittekind's interests are impaired by this action and any disposition. Plainly, Mr. Wittekind's paper stock certificates have been held in an action in which he is not even a party. He has no access to his property and no way to access it short of this motion to intervene. Moreover, the purpose of a prejudgment attachment is to secure property belonging to the defendant to satisfy a judgment. *See* Plaintiff's Petition for an Ex Parte Writ of Attachment; Fed. Prac. & Proc. Civ. § 2931 (3d ed.) ("[Rule 64's] remedies provide for seizure of a person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action). Should Mr. Wittekind's individual shares be included with his husband's and a judgment were to be eventually issued against Mr. Gumrukcu, then, Mr. Wittekind's property would be permanently lost. In the meantime, Mr. Wittekind is prevented from disposing of or using his property as he chooses.

Third, Mr. Wittekind must show that representation by an existing party is inadequate. Representation by an existing party is determined to be adequate only if the party's "interests [are] so similar to those of [the intervenor] that adequacy of representation [is] assured." *121 Brennan v. N.Y. City Bd. of Educ.*, 260 F.3d 123, 132 (2d Cir. 2001). Furthermore, although "[a]n applicant for intervention as of right has the burden of showing that representation *may be*

inadequate…the burden should be treated as minimal." *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (emphasis added) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Mr. Wittekind easily meets his minimal burden of showing that representation of his interests by existing parties may be inadequate.  Mr. Wittekind's interests are completely dissimilar to the defendant's because he, unlike the defendant, is not a party to this action.  Therefore, there is no legal basis whatsoever, nor any lawful authority, for attaching *his* property.  Nor can the defendant properly assert claims regarding property that does not belong to him.  Moreover, the defendant also has been charged with a crime and, therefore, while there may be constitutional reasons that prohibit the seizure of his property, no such arguments apply to Mr. Wittekind who is neither a civil nor criminal defendant before this Court.

Fourth, Mr. Wittekind must show his motion is timely.  This motion is timely under the four factors chiefly considered by the Second Circuit.  *See United States v. New York*, 820 F.2d 554, 557 (2d Cir.1987).  Only a few months have passed since the issuance of the writ of execution that is the sole precipitating event for Mr. Wittekind's request to intervene, and in that time, he has zealously pursued alternative avenues of recourse. No prejudice has accrued to the other parties in this matter by virtue of Mr. Wittekind's failure to appear until now.  On the other hand, if intervention were denied the prejudice to Mr. Wittekind is substantial as assets belonging solely to him have been seized in an action where he does not even have an opportunity to object because he is not a party.

In the event this Court finds that the requirements for intervention as of right are not met, Mr. Wittekind moves in the alternative for the Court's permission to intervene under Rule 24(b)(1)(B).  "The court 'considers substantially the same factors' for intervention as of right or permissive intervention." *Corren v. Sorrell*, 151 F. Supp. 3d 479, 495 (D. Vt. 2015) (quoting *R*

*Best Produce, Inc. v. Shulman–Rabin Marketing Corp.*, 467 F.3d 238, 240 (2d Cir.2006)). However, "[t]he legal requirements are relaxed" and the decision is "discretionary." *Vermont All. for Ethical Healthcare, Inc. v. Hoser*, No. 5:16-CV-205, 2016 WL 7015717, at *2 (D. Vt. Dec. 1, 2016).

## CONCLUSION

For all of the foregoing reasons, Mr. Wittekind respectfully requests that he be allowed to intervene in this docket for the sole purpose of seeking an order from the Court clarifying its earlier writ of attachment. A claim of ownership in attached property goes to the heart of the kind of case warranting intervention. Indeed, attaching property without any ability to defend one's property interests, as would occur if intervention were denied, would contravene the fundamental purposes of our legal system.

DATED at Burlington, Vermont this 25th day of November 2022.

**WILLIAM ANDERSON WITTEKIND**

by:    */s/Heather E. Ross*
**SHEEHEY FURLONG & BEHM P.C.**
Heather E. Ross
30 Main Street, 6th Floor
PO Box 66
Burlington, VT 05402-0066
(802) 864-9891
hross@sheeheyvt.com