UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THE ESTATE OF GREGORY DAVIS, )<br>Melissa Davis, Administrator and )<br>MELISSA DAVIS, individually, )<br>                Plaintiffs, )<br>                )<br>   v.               )<br>                )<br>SERHAT DANIEL GUMRUKCU, )<br>            Defendant. ) | Civil Case. No.: 5:22-cv-0123 |

### WILLIAM ANDERSON WITTEKIND'S MOTION TO RECONSIDER COURT'S ORDER RE RESPONSE TO EMERGENCY MOTIONS TO INTERVENE AND TO CLARIFY

On November 25, 2022, William Anderson Wittekind filed an Emergency Motion to Intervene and an Emergency Motion to Clarify the Writ of Attachment.  None of the parties filed any response to these motions.  On November 28, 2022, the Court gave the parties until January 2, 2023 to file a response to these motions.  Because this extended period of time is inconsistent with and contravenes the rules on ex parte attachments or restraining orders, William Anderson Wittekind respectfully requests that the Court reconsider its order and order the parties to respond to these motions, if they intend to do so, no later than December 7, 2022.  Mr. Wittekind further requests that the Court hold a hearing promptly thereafter.

According to Rule 64, "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  Fed. R. Civ. P. 64(a).  This includes the remedy of attachment.  Fed. R. Civ. P. 64(b).  The rule of attachment in Vermont states that "***on two days notice*** to the plaintiff ***or on such shorter notice*** as the court may prescribe, a defendant whose property has been attached upon an order of approval issued

ex parte. . .may appear and move the judge who ordered issuance of the writ for an order dissolving, modifying, or discharging the attachment. . . .The judge shall proceed to hear and determine such motion as expeditiously as the ends of justice require." V.R.C.P. 4.1(e)(1) (emphasis added).  Similarly, Federal Rule 65, which is sometimes used in lieu of an attachment, recognizes that a person whose property has been seized or restrained without notice or an opportunity to be heard is entitled to a prompt hearing before the Court.  It states that "[o]n 2 days' notice to the party who obtained the order without notice---or on shorter notice set by the court---the adverse party may appear and move to dissolve or modify the order.  The court must then hear and decide the motion as promptly as justice requires." Fed. Civ. R. P. 65(b)(4).  As explained in the commentary, V.R.C.P. 4.1(e) permits a prompt hearing after an attachment without notice is allowed pursuant to an ex parte order.  The commentary further explains that "[t]he procedure is derived from that provided by Rule 65 for temporary restraining orders.  The court has discretion to allow the hearing on shorter notice than the normal two days. . . ."

      Mr. Wittekind is not a party to this action and has not been accused of being involved in the alleged murder-for-hire scheme.  Nonetheless, he has been denied access to his property as a result of this Court's approval of an ex parte writ of attachment sought by plaintiff.  Pursuant to the writ of attachment---which remains under seal and was never served on Mr. Wittekind[1]---J.P. Morgan has denied Mr. Wittekind access to his Enochian Biosciences' paper stock certificates in account number ending in 6024.[2]  J.P. Morgan has stated due to plaintiff's writ of attachment

---

[1] Plaintiff's counsel has shared the substance of the Court order with the undersigned when she discussed with him that the writ was under seal and not available to Mr. Wittekind.

[2] As noted before, the account also contains Enochian Biosciences' paper stock certificates belonging to Mr. Gumrukcu and Enochian Biosciences' paper stock certificates in the names of both Mr. Gumrukcu and Mr. Wittekind, the seizure of which Mr. Wittekind is not challenging at this point.

entered by this Court, it will not release to Mr. Wittekind the Enochian Biosciences' paper stock certificates solely in his name absent an order of this Court.

The clear intent of the rules was to allow a prompt opportunity to challenge property held pursuant to an ex parte writ of attachment. Indeed, the rules contemplate two days' notice to the plaintiff *or a shorter time*. Where, as here, Mr. Wittekind is not a party to this action, the urgency contemplated by the rules is all the more acute. Mr. Wittekind has been denied access to his property with no due process at all. On November 25, 2022, plaintiff received a copy of the emergency motion so has already had more than the two days' notice that the rule anticipates. If the order were to stand, plaintiff would have 38 days to respond to an emergency motion to clarify the attachment order, which contravenes the spirit, if not the plain language, of the governing rules.

Accordingly, Mr. Wittekind respectfully requests that the Court reconsider its November 28, 2022 order and enter an order requiring a response to Mr. Wittekinds' motions no later than December 7, 2022 with a hearing to occur promptly thereafter.

DATED at Burlington, Vermont this 2nd day of December 2022.

**WILLIAM ANDERSON WITTEKIND**

by:   */s/Heather E. Ross*
**SHEEHEY FURLONG & BEHM P.C.**
Heather E. Ross
30 Main Street, 6th Floor
PO Box 66
Burlington, VT 05402-0066
(802) 864-9891
hross@sheeheyvt.com

3