UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THE ESTATE OF GREGORY DAVIS, )<br>Melissa Davis, Administrator and )<br>MELISSA DAVIS, individually, )<br>        Plaintiffs, )<br>            )<br>     v.        )<br>            )<br>SERHAT DANIEL GUMRUKCU, )<br>        Defendant. ) | Civil Case No. 5:22-cv-0123-gwc |

**PLAINTIFFS' OPPOSITION TO
WILLIAM ANDERSON WITTEKIND'S MOTIONS TO
INTERVENE, TO CLARIFY AND TO RECONSIDER
AND RESPONSE TO SG & AW HOLDINGS LLC'S AND GTB
HOLDINGS LLC'S NOTICE TO THE COURT**

**I. Opposition to Mr. Wittekind's Motion to Intervene (Doc. 23)**

There are no grounds for Mr. Wittekind to intervene in this case because:

 a. no federal statute gives him the unconditional or conditional right to intervene;

 b. he has no interest in the property of Mr. Gumrukcu that this Court attached;

   and

 c. he has no claim or defense in another case that shares a question of fact or law

   with this case.

These are the only grounds for intervention under Fed. R. Civ. P. 24.

Instead, Mr. Wittekind seeks to intervene to obtain a "clarifying order" that the attachment of Mr. Gumrukcu's stock in Enochian Biosciences does not affect the stock owned by Mr. Wittekind (Doc. 24). Mr. Wittekind seeks the clarifying order, he says, because J. P. Morgan will not release his Enochian Biosciences stock.

For many reasons, this claim is suspect. But even if it were not, there is nothing that

the Court can do to resolve this private dispute between Mr. Wittekind and J. P. Morgan. J. P. Morgan is not a party to this case. The Court has no personal jurisdiction over J. P. Morgan. The Court cannot order J. P. Morgan to release Mr. Wittekind's stock.

Moreover, the attachment order is clear that it applies only to Mr. Gumrukcu's stock in Enochian Biosciences. It does not say or even imply that the attachment extends to Mr. Wittekind's stock or stock that Mr. Gumrukcu and Mr. Wittekind jointly own, if any. If J. P. Morgan is confused by the Court's clear order, it is doubtful that another order will shed light. It is important to note that J. P. Morgan has not requested such a "clarifying order."

If J. P. Morgan will not release Mr. Wittekind's stock in Enochian Biosciences, it is more likely because Enochian Biosciences has sued Mr. Wittekind in the California Superior Court for defrauding the company of at least $25 million and J. P. Morgan does not want to risk becoming a party to any claim that it participated in a fraudulent transfer of the stock.

Finally, Mr. Wittekind has provided no evidence, such as a letter or affidavit from J. P. Morgan, stating that (1) it holds Enochian Biosciences stock for Mr. Wittekind and (2) will not release such stock solely because of this Court's attachment order. Mr. Wittekind should be required to support his motion with reliable evidence, just like every other litigant, but especially because Mr. Wittekind stands accused of substantial fraud in concert with Mr. Gumrukcu. According to the lawsuit filed by Enochian Biosciences, Mr. Wittekind and Mr. Gumrukcu engaged in a scheme to manipulate the negative results of Enochian's trial drugs to show positive outcomes. The complaint also alleges that Mr. Wittekind and Mr. Gumrukcu "fabricated studies out of whole cloth."[1] As a result of the studies, Enochian Biosciences paid

---

[1] *Complaint*, <u>Enochian Biosciences, Inc. v. Serhat Gumrukcu, W. Anderson Wittekind, G Tech Bio LLC, SG & AW Holdings LLC, Seraph Research Institute and Does 1 through 50</u>, Superior Court of California, County of Los Angeles, docket no. 22ST CV 34071.

Plante & Hanley, P.C.

P0200490

Mr. Wittekind and Mr. Gumrukcu $25 million.  As a result of the discovery of Mr. Wittekind's and Mr. Gumrukcu's fraud, Enochian's stock has plummeted from a high of more than $11 per share to slightly more than a dollar, and many plaintiffs' law firms have filed class action lawsuits or have issued press releases seeking plaintiffs for lawsuits against Enochian.

**II.     Objection to Mr. Wittekind's Motion for Reconsideration (Doc. 27)**

The law cited in Mr. Wittekind's motion for reconsideration does not apply to Mr. Wittekind.  It applies only to parties whose property has been attached.  Mr. Wittekind is not a party and his property has not been attached.

Moreover, Mr. Wittekind failed to cite any legitimate basis for reconsideration, which is limited to a change in the controlling law, new evidence, clear error or the prevention of manifest injustice.[2]

**III.    Response to SG & AW Holdings, LLC's and GTB Holdings LLC's
         Notice to the Court Regarding Writ of Attachment (Doc. 28)**

On December 9, 2022, SG & AW Holdings LLC and GTB Holdings LLC, who are not parties to this case and have not filed a motion to intervene, filed a *Notice to the Court Regarding Writ of Attachment*. The filing includes *Exhibit 2* (Doc. 28-2), which purports to be a unanimous consent of Mr. Wittekind and Mr. Gumrukcu, the members of SG & AW Holdings.  The unanimous consent is dated January 10, 2020.   It purports to divest Mr. Gumrukcu of his entire interest in SG & AW Holdings, LLC.

The Court should not assume that *Exhibit 2* or the signatures of Mr. Gumrukcu and Mr. Wittekind on *Exhibit 2* are authentic.

---

[2]  Virgin Alt. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

Counsel for Mr. Wittekind filed *Exhibit 2* under seal and sent the unredacted version by email to undersigned counsel. That unredacted version was not "flattened"; in other words, the metadata was not removed. Because the metadata was not removed, plaintiff's co-counsel was able to click on the signatures of Mr. Gumrukcu and Mr. Wittekind and pull up a date stamp, which showed that "WAW" – believed to be William Anderson Wittekind – applied the electronic signature of Mr. Gumrukcu to the document on August 15, 2022 at 5:25::23 p.m. and applied the electronic signature of Mr. Wittekind to the document on August 15, 2022 at 5:25::25 p.m.

Mr. Gumrukcu was served with the writ of attachment on Mr. Gumrukcu's interest in SG & AW Holdings on July 27, 2022 while in pre-trial detention in Los Angeles. According to the metadata in *Exhibit 2*, the electronic signatures of Mr. Wittekind and Mr. Gumrukcu were applied to that document three weeks later, on August 15, 2022.

Six days ago, the United States filed a *Second Superseding Indictment* against Mr. Gumrukcu, recounting his long history of preparing false documents and forging signatures. The *Second Superseding Indictment* alleges that Mr. Gumrukcu:

- conspired with Berk Eratay to transmit a fraudulent "bank comfort letter" signed by "Constantine Poryalis" at Cyprus Fist Bank (which does not exist), claiming that 22.5 million euros was immediately available to the broker of an oil deal involving Mr. Gumrukcu;

- prepared fraudulent emails from a fake gMail account, representing that a partnership that Mr. Gumrukcu formed with Mr. Davis had been approved for financing through Sekerbank, a Turkish bank;

- conspired with Mr. Eratay to forge the signature of Mr. Gumrukcu's brother on

> a stock redemption agreement and sent the agreement from a fake email account in Mr. Gumrukcu's brother's name; and

- conspired with Mr. Eratay to use a fake email account to send another person involved in the oil deal multiple fraudulent bank confirmations, each for 50,000 euros.[3]

These are not the only reasons to doubt the authenticity of *Exhibit 2*. An additional reason is that Enochian Biosciences recently sued Mr. Gumrukcu and Mr. Wittekind for falsifying the results of scientific studies in order to extract $25 million from Enochian Biosciences, discussed in more detail at section I, above.

**IV.  Conclusion**

Mr. Wittekind has not asked the Court to rescind the attachment of Mr. Gumrukcu's stock in Enochian Biosciences or his interest in SG & AW Holdings LLC or GTB Holdings LLC and the Court has no reason to do so. The Court should not grant Mr. Wittekind leave to intervene and should not issue a "clarifying order" regarding the attachment. Instead, the Court should do as it stated in its November 28, 2022 order and hold a hearing on the plaintiffs' motion to enforce the writ of attachment and Mr. Wittekind's motions to intervene and clarify. The plaintiffs request the opportunity to present evidence on the metadata in *Exhibit 2* at the hearing.

---

[3] Doc. 50, *Second Superseding Indictment*, <u>USA v. Gumrukcu, Eratay and Banks</u>, No. 5:22-cr-58-1-2-3. U. S. District Court of Vermont.

Dated: December 19, 2022

                THE ESTATE OF GREGORY DAVIS,
                Melissa Davis, Administrator, and
                MELISSA DAVIS, Individually

            By: /s/ Paul J. Perkins
                  Michael F. Hanley
                  Paul J. Perkins
                  Plante & Hanley, P.C.
                  Post Office Box 708
                  White River Junction, VT 05001
                  802-295-3151
                  mfhanley@plantehanley.com
                  pjperkins@plantehanley.com

                  Andrew B. Delaney
                  Stefan Ricci
                  Martin Delaney & Ricci Law Group
                  100 North Main Street
                  Barre, VT 05641
                  802-479-0568
                  andrew@mdrvt.com
                  stefan@mdrvt.com