UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

THE ESTATE OF GREGORY DAVIS,
AND MELISSA DAVIS,
               Plaintiffs,

    v.                                      Docket No. 5:22-CV-00123

SERHAT DANIEL GUMRUKCU,
               Defendant.

DEFENDANT'S OPPOSITION TO MOTION TO AMEND

      Defendant Serhat Gumrukcu, by and through his attorneys Langrock Sperry & Wool, LLP, hereby submits the following Opposition to Plaintiffs' Motion to Amend the Complaint.

      As a preliminary matter, Defendant contends that any decision or further proceedings on Plaintiffs' Motion to Amend should be stayed pending resolution of the criminal case against him in this District, Docket No. 5:22-CR-58.

      If the Court does proceed on the Motion to Amend, Defendant joins in Wittekind's, SG&AW Holdings' and GTB Holdings' Opposition to Plaintiffs' Motion for Leave to Amend the Complaint and adopts the arguments made therein.

      Defendant further objects to the Motion to Amend on the ground that amendment would be futile, because Plaintiffs' proposed new claims cannot survive a motion to dismiss on the pleadings. *Colby v. Umbrella, Inc*. 2008 VT 20, ¶4. Plaintiffs propose to assert new claims against Defendant (as well as William Anderson Wittekind, SG & AW Holdings, LLC and GTB Holdings, LLC) under the Uniform Voidable Transactions Act as adopted in California and New York. Plaintiffs' theory is that Mr. Gumrukcu became subject to a "claim" in January 2018 when he caused the death of Gregory Davis; that he divested himself

of assets between September 2018 and May 18, 2022, in particular ownership in SG&AW Holdings, LLC, GTB Holdings, LLC, and Enochian Biosciences stock; and that he did so with the intent to hinder, delay or defraud the Plaintiffs, or did not receive equivalent value for the transfer and should reasonably have expected to incur debts beyond his ability to pay as the debts came due.  Motion to Amend (Doc. 38) pp.2-3. Plaintiffs do not assert facts supporting an actual intent to hinder, delay or defraud the Plaintiffs. As to Counts V-III, they rely on the allegation that Gumrukcu "'transferred' an 'asset,' to an 'insider' without receiving reasonably equivalent value after the Plaintiff's claim arose." Motion to Amend, p.6. As to Counts IX and X, they alleged merely that Wittekind and Gumrukcu attempted to or did "'transfer' an 'asset' after the Plaintiffs' claim arose." Motion to Amend, p.11.

Plaintiffs' allegations are insufficient as a matter of law to establish the elements of claims under the California or New York voidable transfers acts, and therefore the proposed amendment would be futile. Plaintiffs concede that throughout the relevant time period when they allege assets were transferred, Defendant had more than sufficient assets to satisfy any judgment in favor of Plaintiffs. Plaintiffs' Proposed Amended Complaint, Exhibit 6 (Doc. 38-7), is SEC Form 3 reflecting Defendant's ownership of 10,527,171 shares of stock in Enochian Biosciences, Inc on June 12, 2020. In January 2020, when Plaintiffs allege Gumrukcu withdrew from SG&AW Holdings, Proposed Amended Complaint ¶52, the Enochian stock was selling at approximately $3 per share; Defendant would thus have had more than $30,000,000 worth of Enochian stock at that point, more than enough to satisfy any "claim" of the Plaintiffs.[1] Plaintiffs themselves asserted in their Motion to Attach Personal

---

[1] Without providing any basis for the valuation, Plaintiffs have valued their claim at $25 million and sought that amount in their Motion to Attach the Personal Property of Serhat Daniel Gumrukcu, Doc. 3.

Property of Serhat Daniel Gumrukcu that the shares were trading at $3.46 per share on June 17, 2022, well after Defendant's arrest (Doc. 3, fn. 1).

Plaintiffs also allege that on May 18, 2022, the day they claim the Defendant improperly transferred 253,493 shares, the sale price was $8 per share (Motion to Amend (Doc. 38), p.11); his total holdings would have been over $80,000,000 at that point.

The facts alleged by the Plaintiffs establish that at the time of challenged transfers of assets by Gumrukcu, Gumrukcu retained post-transfer assets well in excess of any claim by Plaintiffs. Because Plaintiffs have not pled any facts evidencing an actual intent to hinder, delay or defraud, but rather have relied on allegations that he transferred assets to an "insider" without receiving "reasonably equivalent value," (or in the case of Counts IX and X merely that he has transferred or attempted to transfer assets after the claim arose), the existence of remaining assets sufficient to satisfy Plaintiffs' claim defeats the allegations under the voidable transfers act.

The Plaintiffs have not pled facts establishing claims under the Uniform Voidable Transfers Act, and amendment of the Complaint would accordingly be futile. The Court should therefore deny Plaintiff's Motion to Amend.

DATED at Burlington, Vermont this _____ day of March, 2023.

3

        LANGROCK SPERRY & WOOL, LLP

        _____
        Lisa B. Shelkrot
        PO Box 721, 210 College Street
        Burlington, VT 05402
        lshelkrot@langrock.com
        Phone:  (802) 864-0217

        Attorneys for Defendant Serhat Daniel Gumrukcu

1940666.1