UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THE ESTATE OF GREGORY DAVIS, Melissa Davis, Administrator and MELISSA DAVIS, individually, Plaintiffs, v. SERHAT DANIEL GUMRUKCU, Defendant. | Civil Case No. 5:22-cv-0123-gwc |

## PLAINTIFFS' PARTIAL OBJECTION TO SERHAT GUMRUKCU'S MOTION TO STAY

The Court should stay all discovery relating to Mr. Gumrukcu's conspiracy to kill Ms. Davis' late husband, but allow discovery on Mr. Gumrukcu's, Mr. Wittekind's and others' voidable transfers and fraudulent conveyances designed to deprive Ms. Davis of the ability to enforce a judgment against Mr. Gumrukcu.

**I.     The Strawman Is In Shambles**

Before Mr. Gumrukcu filed his *Motion to Stay*, Ms. Davis made clear that she had no objection to staying fact discovery in the wrongful death, loss of consortium and intentional infliction of emotional distress claims. The trial of the murder for hire case will be exceedingly difficult for Ms. Davis and her children, second only to the murder of Mr. Davis. The last thing Ms. Davis wants to do is interfere with Mr. Gumrukcu's Fifth Amendment rights, or any other rights he might have, and thereby cause the tragic criminal case to have to be retried.

Likewise, the evidence of guilt gathered by the United States of America is overwhelming and traditional civil discovery regarding Mr. Davis' murder will add nothing to the civil case.

Plante &
Hanley, P.C.

P0203332.1
P0203336

While Mr. Gumrukcu should not have created a strawman, it is fair to say that, as is always the case, he has destroyed him. The idea that Ms. Davis would insist upon interrogatories, request to admit to Mr. Gumrukcu, or the deposition of Mr. Gumrukcu in an effort to prove the murder for hire of Mr. Davis, has no basis in fact.

The Court should stay traditional civil discovery in the wrongful death, loss of consortium and infliction of emotional distress claims including, but not limited to, interrogatories, requests to produce and requests to admit to Mr. Gumrukcu, as well as any efforts by Ms. Davis to depose Mr. Gumrukcu. Indeed, the Court should order that Ms. Davis must seek approval from the Court before engaging in any civil discovery designed to produce evidence that Mr. Gumrukcu engaged in a conspiracy to kill her husband.

However, the Court should not enter an order that would preclude Ms. Davis from engaging in appropriate motion practice and should not make a ruling that limits fact discovery in connection with the fraudulent conveyances and voidable transfers by Mr. Gumrukcu, Mr. Wittekind, SG & AW Holdings, LLC, GTB Holdings, LLC, and others.

**II.    THE FRAUDULENT CONVEYANCING AND VOIDABLE TRANSFER CLAIMS**

There is considerable evidence that Mr. Gumrukcu, Mr. Wittekind, the limited liability companies, and perhaps others, have engaged in, and continue to persist in, tortious acts designed to make it impossible for Ms. Davis to enforce any judgment she and her late husband's estate are highly likely to obtain against Mr. Gumrukcu. This evidence includes, but is not limited to:

- Very shortly after Mr. Gumrukcu's arrest and incarceration, Mr. Wittekind went to he Metropolitan Detention Center in Los Angeles (no easy feat during the pandemic) and had Mr. Gumrukcu sign a document. This document purports to retroactively change the terms of a contract Mr. Gumrukcu and Mr. Wittekind had with JP Morgan. Under the terms of the contract with JP

> Morgan, all of the Enochian Biosciences Inc. stock in a JP Morgan account in New York was held by Mr. Gumrukcu and Mr. Wittekind as joint tenants. Allegedly after the execution of this document, all stock certificates in Mr. Gumrukcu's name became the sole property of Mr. Gumrukcu and all stock certificates in Mr. Wittekind's name became his sole property.  The stock now said to be the sole property of Mr. Wittekind, stock which was subject to this Court's writ of attachment, is said to be worth millions of dollars.

- Mr. Wittekind affixed Mr. Gumrukcu's electronic signature, affixed Mr. Wittekind's electronic signature and backdated a document that is said to have transferred Mr. Gumrukcu's interest in the limited liability company that now owns the couple's marital home, back to that company.  Mr. Gumrukcu and Mr. Wittekind claim that this transaction made Mr. Wittekind the sole owner of the company.  Stated differently, the effect of this transaction was to transfer Mr. Gumrukcu's interest in the company to Mr. Wittekind.  The marital home is said to be worth about $7 million.

- After the murder of Mr. Davis, but before Mr. Gumrukcu's indictment, Mr. Gumrukcu sold $2.027 million worth of stock in Enochian Biosciences, Inc. What became of this money is not known by Ms. Davis at this time.

There is no constitutional right to engage in activities designed to vitiate a writ of attachment, and no constitutional right to engage in voidable transfers and fraudulent conveyancing. The Court should allow Ms. Davis to pursue appropriate discovery regarding this misconduct, especially since the government is not likely to investigate this tortious misconduct and Ms. Davis could suffer irreparable harm as a result of this misconduct. Moreover, should Ms. Davis conduct abusive or inappropriate discovery, nothing would prohibit either Mr. Wittekind and/or Mr. Gumrukcu from seeking a protective order.

WHEREFORE, Mr. Gumrukcu's *Motion to Stay* should be granted in part and denied in part.

Dated: March 15, 2023

                THE ESTATE OF GREGORY DAVIS,
                Melissa Davis, Administrator, and
                MELISSA DAVIS, Individually

            By: /s/ Michael F. Hanley
                  Michael F. Hanley
                  Paul J. Perkins
                  Plante & Hanley, P.C.
                  Post Office Box 708
                  White River Junction, VT 05001
                  802-295-3151
                  mfhanley@plantehanley.com
                  pjperkins@plantehanley.com

                  Andrew B. Delaney
                  Stefan Ricci
                  Martin Delaney & Ricci Law Group
                  100 North Main Street
                  Barre, VT 05641
                  802-479-0568
                  andrew@mdrvt.com
                  stefan@mdrvt.com