UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| THE ESTATE OF GREGORY DAVIS, | ) | |
| Melissa Davis, Administrator and | ) | |
| MELISSA DAVIS, individually, | ) | |
| Plaintiffs, | ) | Civil Case No.: 5:22-cv-0123 |
| | ) | |
| v. | ) | |
| | ) | |
| SERHAT DANIEL GUMRUKCU, | ) | |
| Defendant. | ) | |

**WILLIAM ANDERSON WITTEKIND'S RESPONSE AND OBJECTION TO
PLAINTIFFS' PROPOSED ORDER**

William Anderson Wittekind, through his attorneys, Sheehey Furlong & Behm P.C., state

the following in opposition to Plaintiffs' proposed order following the Court's Opinion and

Order.  There was only one issue before the Court with respect to Plaintiffs' motions for writ of

attachment sought in June 2022.  That is whether their request for attachment as part of the

wrongful death action that was issued for "all of the defendant's [Serhat Gumrukcu] Enochian

Biosciences, Inc. stock" included either paper stock certificates solely in Mr. Wittekind's name or

paper stock certificates in both Mr. Wittekind's name and Mr. Gumrukcu's name just because

they were held in a joint account at J.P. Morgan.  In short, the Court's only task was determining

the meaning of "the defendant, Serhat Gumrukcu's, Enochian Biosciences shares" in the July 7,

2022 Order and what property did and did not belong to Mr. Gumrukcu.

Adopting the case law identified by Mr. Wittekind, the Court found that paper stock

certificates in the J.P. Morgan account that were solely in Mr. Wittekind's name belonged to him,

not Mr. Gumrukcu.  *See* Court's Opinion and Order, Doc. 66 at 6-7.  The Court found that paper

stock certificates in the J.P. Morgan account solely in Mr. Gumrukcu's name belonged to Mr.

Gumrukcu.  *Id.* at 6.  Finally, the Court found that paper stock certificates in the joint account in

{00529819-1}

both their names were subject to a rebuttable presumption that they should be split 50%-50%.
*Id.* At the March 16, 2023 hearing, Mr. Wittekind endorsed application of the rebuttable
presumption, and stated that if Plaintiffs were not happy with the 50%-50% split, it is they who
must present evidence rebutting the presumption.[1]  The ineluctable conclusion from these
findings is that the definition of the Enochian Biosciences shares in the July 7, 2022 order are
those in the joint account in Mr. Gumrukcu's name only as well as 50% of those in both his name
and that of Mr. Wittekind.  They do not include Mr. Wittekind's paper stock certificates in the
joint account in his name only.  Doc. 66 at 7 ("If there is no claim against Mr. Wittekind, then
there would be no basis for attaching his individually owned shares.").  There was no other issue
pending before the Court regarding attachment.

It is undisputed that Plaintiffs never sought a writ of attachment on the basis of their
Amended Complaint.  Allowing the filing of an Amended Complaint is no substitute for a motion
for writ of attachment based on the newly filed claims.  There is no question that to obtain a writ
of attachment on the voidable transaction claims in the Amended Complaint, Plaintiffs must file
a motion for a writ of attachment supported by affidavits and/or a verified complaint and notice
of such a motion and opportunity to be heard must then be afforded to Mr. Wittekind.  After such
notice and an opportunity to respond to such a motion, the Court then must determine whether
Plaintiffs have borne their burden of showing a likelihood of success on the merits of those
voidable transaction claims based on the evidence submitted by all parties.  *See* V.R.C.P.

---

[1] Alternatively, the Court found that the joint account is subject to a rebuttable presumption that
the split is 50%-50% and, thus, absent evidence presented by the party seeking to rebut the
presumption, the stock certificates in the joint account should be split fifty-fifty between Mr.
Gumrukcu and Mr. Wittekind.  As Mr. Wittekind's counsel made clear at the oral argument, he
would like this presumption applied and was not seeking to rebut it, as he found a fifty-fifty split
of the total number of shares in the joint account acceptable.  Thus, he should have to do no
more.

4.1(b)(2).  *See also* N.Y. Debt & Cred. Law § 278 (Uniform Voidable Transactions Act pertaining to attachments, which incorporates by reference N.Y. C.P.L.R. 6212, requiring the Court to strictly construe Plaintiffs' burdens to file a motion, submit affidavits and prove probable success on the merits before obtaining an attachment based on voidable transactions claim); *see also* Cal. Civ. Code § 3439.07 (incorporates the same requirements as a prerequisite to obtaining an attachment.).  *None of this has occurred*.

The procedural requirements set forth in V.R.C.P. 4.1, and like statutes, are constitutionally mandated by the due process clause of the Fourteenth Amendment.  *Connecticut v. Doehr*, 501 U.S. 1, 12 (1991) ("Without doubt, state procedures for creating and enforcing attachments are subject to the strictures of due process.")  Attachment of property belonging to Mr. Wittekind can only occur if a motion is made and a likelihood of success on the merits is shown on the claims for recovery against Mr. Wittekind.  As noted herein, despite having knowledge of the facts articulated in the Amended Complaints since at least early January 2023, to date, Plaintiffs have undertaken to file a motion for writ of attachment on claims made against Mr. Wittekind. They have already been afforded nearly four months to do so.  Yet Mr. Wittekind's property continues to be held in violation of due process without Plaintiffs having sought a writ of attachment on the basis of the Amended Complaint or meeting any of the legal requirements.  Should a motion for writ of attachment with respect to the voidable transaction claims be filed against Mr. Wittekind, of course Mr. Wittekind would request a hearing as is his right.  However, he cannot request one in the absence of any motion for writ of attachment based on these claims.  That is putting the cart before the horse.

If the Court has imposed a stay, then Plaintiffs appear to have foregone their opportunity to file a writ of attachment on the voidable transaction claims.  It is not Mr. Wittekind who

should suffer.  Mr. Wittekind did not agree to any stay of the proceeding that would prohibit his right to notice and an opportunity to be heard on a new motion for writ of attachment based on the Amended Complaint.  Nor does Mr. Wittekind believe that Mr. Gumrukcu sought a stay that would prevent Mr. Wittekind from litigating a motion for writ of attachment based on the voidable transaction claims in the Amended Complaint should one be filed.  Mr. Wittekind cannot be deprived of his constitutional due process rights in this manner.  This is exactly what would occur as a result of Plaintiffs' proposed order.

In short, based on the Court's Opinion and Order, the Court has now defined which Enochian Biosciences shares in the joint account belong to Mr. Gumrukcu and which do not. The Court has found that the 3.6 million shares in Mr. Wittekind's name in the joint account at J.P. Morgan are Mr. Wittekind's personal property, not the property of Mr. Gumrukcu.  If there is to be a new writ of attachment sought based on the new voidable transaction claims in the Amended Complaint, there is simply no question that Mr. Wittekind has every right to receive notice of any such motion and an opportunity to respond to it, including why Plaintiffs are unlikely to prevail on any such claim on the merits.  In the absence of any such motion having been filed to date, this Court cannot lawfully hold Mr. Wittekind's personal property.

For all of the foregoing reasons, Plaintiffs' proposed order must be rejected. It violates Mr. Wittekind's due process rights by seizing his personal property without any process whatsoever.  Consistent with the Court's Opinion and Order, Plaintiffs are entitled only to an order attaching Mr. Gumrukcu's interest in Enochian Biosciences shares, which includes the approximately 12.8 million shares of paper certificates in his name in a joint account ending in 0624 at J.P. Morgan Securities and excludes the 3.6 million paper stock certificates in Mr. Wittekind's name in a joint account ending in 0624 at J.P. Morgan Securities.

DATED at Burlington, Vermont this 20th day of April 2023.

**WILLIAM ANDERSON WITTEKIND**

by:      */s/Heather E. Ross*

      **SHEEHEY FURLONG & BEHM P.C.**
      Heather E. Ross
      30 Main Street, 6th Floor
      PO Box 66
      Burlington, VT 05402-0066
      (802) 864-9891
      hross@sheeheyvt.com

## <u>CERTIFICATE OF SERVICE</u>

I, Heather E. Ross, counsel for William Anderson Wittekind, do hereby certify that on

April 20, 2023, I caused to be filed with the Clerk of Court the following document using the

CM/ECF system:

### <u>WILLIAM ANDERSON WITTEKIND'S RESPONSE AND OBJECTION TO PLAINTIFFS' PROPOSED ORDER</u>

The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

Andrew B. Delaney, Esq.
andrew@mdrvt.com

Michael F. Hanley, Esq.
mfhanley@plantehanley.com

Paul J. Perkins, Esq.
pjperkins@plantehanley.com

Stefan Ricci, Esq.
stefan@mdrvt.com

Lisa B. Shelkrot, Esq.
lshelkrot@langrock.com

DATED at Burlington, Vermont this 20th day of April 2023.

**WILLIAM ANDERSON WITTEKIND**

by:      */s/Heather E. Ross*
**SHEEHEY FURLONG & BEHM P.C.**
Heather E. Ross
30 Main Street, 6th Floor
PO Box 66
Burlington, VT 05402-0066
(802) 864-9891
hross@sheeheyvt.com