UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 DEC 18 PM 1:42

CLERK

BY _____
      DEPUTY CLERK

| | |
|---|---|
| THE ESTATE OF GREGORY DAVIS, Melissa Davis, Administrator and MELISSA DAVIS, individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 5:22-cv-123 |
| SERHAT GUMRUKCU, WILLIAM A WITTEKIND, SG & AW HOLDINGS, LLC and GTB HOLDING, LLC, | ) ) ) ) ) |
| Defendants. | |

## ORDER ON PLAINTIFF'S MOTION TO AMEND THE WRIT OF ATTACHMENT
(Doc. 98)

The court previously issued an "amended Writ of Attachment" addressed "To any United States Marshal." Plaintiff returns to court seeking a further amendment addressed to "Any Sheriff or Constable of the State of Vermont."

The court declines to amend the writ. Service of process of a writ of attachment or process other than a summons is governed by F.R.Civ.P. 4.1. That rule provides that service must be effected by a United States marshal, a deputy U.S. marshal, or a suitable person appointed by the court adjudicating the underlying action. See 1 Moore's Federal Practice – Civil § 4.1.02 ("Other process that may fall within the coverage of Rule 4.1 includes …an attachment…".)

F.R.Civ.P. 64 incorporates state law in determining the scope of a provisional remedy such as attachment. But federal law – including the Federal Rules of Civil Procedure – govern service and other procedural issues. See *Tanos v. St. Paul Mercury Ins. Co.*, 361 F.2d 838 (2d Cir. 1966) (service of garnishment order governed by federal, not state law). In its current form, Rule 64(a) states:

At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

A reader might suppose that the reference to "a federal statute" excludes a federal rule such as F.R.Civ.P. 4.1. That would be a mistake. The original text of Rule 64 referred to both federal statutes and rules. The stylistic revisions of 2007, intended to simplify the language of the rules only, eliminated the reference to federal rules. The committee note from that amendment states that the change was made to eliminate a redundancy and did not change the substance of the rule.

Former Rule 64 stated that the Civil Rules govern an action in which any remedy available under Rule 64(a) is used. The Rules were said to govern from the time the action is commenced if filed in federal court, and from the time of removal if removed from state court. These provisions are deleted as redundant. Rule 1 establishes that the Civil Rules apply to all actions in a district court, and Rule 81(c)(1) add reassurance that the Civil Rules apply to a removed action "after it is removed."

13 Moore's Federal Practice- Civil § 64 App.06

Dr. Gumrucku is currently held in Rhode Island at a detention facility frequently visited by the United States Marshal Service. If his counsel declines to accept service, it will be the work of a half-hour for a deputy marshal visiting the facility for other reasons to locate and serve Dr. Gumrucku. This procedure (similar to the original service of the complaint in California) will be consistent with the federal rules. Alternatively, counsel for Dr. Gumrucku may agree to accept service.

The court will wait for a response from counsel for Mr. Wittekind concerning an acceptance of service. Since the court adopted Mr. Wittekind's position concerning the scope of attachment and made use of his proposed writ, it is likely that his attorney will accept service.

Counsel for Dr. Gumrucku and Mr. Wittekind shall file a response indicating their position with respect to acceptance of service within 10 days.

CONCLUSION

The motion to amend the writ is DENIED.

Dated at Burlington, in the District of Vermont, this 18th day of December, 2023.

Geoffrey W. Crawford, Chief Judge
United States District Court