UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THE ESTATE OF GREGORY DAVIS, )<br>Melissa Davis, Administrator and )<br>MELISSA DAVIS, individually, )<br>     Plaintiffs, )<br>)<br>  v. )<br>)<br>SERHAT DANIEL GUMRUKCU, )<br>WILLIAM ANDERSON WITTEKIND, )<br>SG & AW HOLDINGS, LLC, and )<br>GTB HOLDINGS, LLC, )<br>     Defendants. ) | Civil Case No.: 5:22-cv-0123 |

## OPPOSITION OF WITTEKIND, SG & AW HOLDINGS, LLC AND GTB HOLDINGS, LLC TO PLAINTIFFS' MOTION TO ATTACH ADDITIONAL PROPERTY OF SERHAT GUMRUKCU

Defendants William Anderson Wittekind, SG & AW Holdings, LLC and GTB Holdings, LLC, by and through their attorneys, Sheehey Furlong & Behm P.C., oppose Plaintiffs' Motion to Attach Additional Property. In support of this Opposition, they join in and adopt Defendant Serhat Gumrukcu's Opposition to Plaintiffs' Motion to Attach Additional Property as the basis for their objection.[1] Thus, the reasons for their objection are that Plaintiffs' Motion is premature or otherwise unallowable in light of the stay imposed by the Court and that Plaintiffs have not met their factual or procedural burden to successfully obtain an attachment of additional property, as discussed more fully below and in prior filings.

---

[1] In filing this motion and otherwise responding to Plaintiffs' Motion to Attach Additional Property of Serhat Gumrukcu, Mr. Wittekind, SG & AW Holdings, LLC and GTB Holdings, LLC in no way concede personal jurisdiction in this case or otherwise waive their rights to contest personal jurisdiction.

Plaintiffs seek to attach Serhat Gumrukcu's interests in SG & AW Holdings, LLC and GTB Holdings, LLC.  As pointed out in Mr. Gumrukcu's Opposition, as long as the civil case is stayed, Mr. Gumrukcu is unable to effectively challenge Plaintiffs' asserted basis for attaching the interests in GTB Holdings, LLC and SG & AW Holdings, LLC.  Indeed, Plaintiffs have not demonstrated that Mr. Gumrukcu has any legitimate interest in either of the LLCs.  As discussed in prior proceedings in this matter, the corporate action taken by Mr. Gumrukcu to return his shares to SG & AW Holdings, LLC occurred in March 2020, long before he was aware of any threatened litigation and at a time that he was far from insolvency, thereby dooming any voidable transaction claim.  However, as long as this case is stayed due to the criminal proceedings, Mr. Gumrukcu cannot provide evidence in further support of this claim and would thereby be prejudiced if the Court were to proceed. Additionally, given the stay, the LLCs are unable to file or obtain decisions on motions to dismiss which are likely to result in the dismissal of all claims against them.

Furthermore, Plaintiffs have failed to satisfy their burden in seeking an attachment.  The LLCs are legal entities distinct from their members. *See Swart Enterprises, Inc. v. Franchise Tax Bd.,* 7 Cal. App. 5th 497, 510, 212 Cal.Rptr.3d 670 (2017).  A corollary to this basic principle is that limited liability companies are not liable for the debts or obligations of their members.  Therefore, Plaintiffs cannot lawfully attach property belonging to the LLCs to satisfy Mr. Gumrukcu's obligations. Nor can they properly "attach" the interests of a single member pursuant to V.R.C.P. 4.1.  Moreover, the assets of the LLCs, which are separate legal entities, are

beyond the reach of this action; this Court lacks jurisdiction to attach real property located in California, such as a home in California.[2]

WHEREFORE, it is respectfully requested that the Court deny Plaintiffs' Motion to Attach Additional Property or, alternatively, defer ruling on it until the stay of litigation has been lifted following resolution of Mr. Gumrukcu's criminal matter.

DATED at Burlington, Vermont this 24th day of May 2024.

          **WILLIAM ANDERSON WITTEKIND, SG & AW HOLDINGS, LLC AND GTB HOLDINGS, LLC**

By:   */s/Heather E. Ross*
Heather E. Ross, Esq.
**SHEEHEY FURLONG & BEHM P.C.**
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402-0066
(802) 864-9891
hross@sheeheyvt.com

---

[2] Plaintiffs cannot successfully accomplish a writ of attachment on the LLCs even if they were able to show that they were entitled to such relief. In Vermont, as in California, the "exclusive remedy" for a creditor seeking to enforce a judgment against a member of an LLC for their membership interest is to obtain a charging order—a completely different remedy from a writ of attachment. *See* 11 V.S.A. § 4074(h), Cal. Corp. Code, § 17705.03(f).