UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THE ESTATE OF GREGORY DAVIS,<br>Melissa Davis, Administrator, and<br>MELISSA DAVIS, individually,<br>　　　　　　Plaintiffs,<br><br>v.<br><br>SERHAT DANIEL GUMRUKCU,<br>WILLIAM ANDERSON WITTEKIND,<br>SG & AW HOLDINGS, LLC, and<br>GTB HOLDINGS, LLC,<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Case No. 5:22-cv-0123-gwc<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED NOV 20 2024 PLANTE & HANLEY, P.C.

## RETURN OF SERVICE

I certify that on November 15, 2024, I served: Serhat Gumrukcu

(1)　*Second Amended Writ of Attachment* with *List of Exemptions*;

(2)　*Order of Approval*; and

(3)　*Order on Motion to Attach Additional Property of Serhat Gumrukcu*;

all dated August 1, 2024, upon Serhat Daniel Gumrukcu, by hand-delivery at the Marble Valley Regional Correctional Center, 167 State Street, Rutland, Vermont, 05701.

Dated: 11/15/2024

_____
Sheriff

Miles: 5　　　$ 3.35
Reading:　　 $ 75.00
Postage　　　$ .73
~~Copies:~~
**Total:**　　 $ 79.08

P0210633.1
4858-3040-8445

Page 1 of 1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THE ESTATE OF GREGORY DAVIS, )<br>Melissa Davis, Administrator and )<br>MELISSA DAVIS, individually, )<br>　　　　　　　　　　Plaintiffs, )<br>　)<br>v.　　　　　　　　　　　　　　)<br>　)<br>SERHAT DANIEL GUMRUKCU, )<br>WILLIAM A. WITTEKIND, )<br>SG & AW HOLDINGS, LLC and )<br>GTB HOLDINGS, LLC, )<br>　　　　　　　　　　Defendants. ) | Civil Case No. 5:22-cv-0123-gwc |

## SECOND AMENDED WRIT OF ATTACHMENT

TO ANY UNITED STATES MARSHAL:

By the authority of the United States District Court for the District of Vermont, you are hereby commanded to attach the following property of the defendant, Serhat Daniel Gumrukcu:

　　All Enochian Biosciences (now known as Renovaro Biosciences, Inc.) stock certificates issued to Serhat Daniel Gumrukcu only; and

　　All of Serhat Daniel Gumrukcu's interests in SG & AW Holdings, LLC and in GTB Holdings, LLC, both California limited liability companies;

to satisfy any judgment for damages and costs that may be recovered by either or both of the plaintiffs against Serhat Daniel Gumrukcu by *Amended Complaint* dated January 26, 2023 and filed in the U. S. District Court for the District of Vermont on April 13, 2023, and make due return of this writ with your doings hereon, including specification of the property here attached.

Until further order of the Court, J.P. Morgan Securities, LLC shall hold the 12.8 million shares of the stock of Enochian Biosciences, now known as Renovaro Biosciences, Inc., in certificates titled in the name of Serhat Daniel Gumrukcu and other variations of his name only,

currently held in a joint account in the names of Serhat Daniel Gumrukcu and William Anderson Wittekind at J.P. Morgan Securities LLC in the State of New York in J. P. Morgan account number ending in 6024.

A copy of the *Order of Approval* and list of exemptions is attached to this *Second Amended Writ of Attachment*.

Dated: 8/1/24

Jeffrey S. Eaton, Clerk

**Vermont Superior Court**
**Civil Division**
**www.vermontjudiciary.org**



# LIST OF EXEMPTIONS

The following is a list of some of the most common kinds of income and property of a debtor that a court cannot order taken in order to satisfy a judgment. This list contains only the more common exemptions, not a complete list of all potential exemptions. For more information, see 12 V.S.A. § 2740 or contact an attorney.

1. **All Income from any source** is exempt if a debtor has received any benefits in the past 2 months from the Vermont Department for Children and Families (DCF), such as *Reach up, General Assistance,* Supplemental Nutrition Assistance Program (SNAP or *Food Stamps), Fuel Assistance* or *Childcare Subsidies*; or from the Department of Vermont Health Access, such as *Medicaid, VPharm,* or *Dr. Dynasaur* (12 V.S.A. § 3170).

2. **All Income and all Property** is exempt if it comes from or is "traceable" to:
   a. **The Social Security Administration** (42 U.S.C. § 407, 42 USC 1383 and 27 VSA 2740(19).
   b. **Veteran's Benefits** (38 U.S.C. § 5301).
   c. **Workers' Compensation Benefits** (21 V.S.A. § 687).
   d. **Alimony**, support or separate maintenance; (12 V.S.A. § 2740(19D)).
   e. **Disability or Retirement** pension payments. (12 V.S.A. § 2740(19J)).
   f. **Other sources** protected under 12 V.S.A. § 2740(19).

3. **All or Part of Wages** may be exempt:
   a. If weekly wages, before taxes, are less than $217.50, they are exempt from collection. If weekly wages are more than that, 75% of take home pay is exempt from collection. (12 V.S.A. 3170)
   b. If the debt is about a credit card or loan, then weekly wages less than $290 are exempt from collection. If wages are more than that, 85% of take home pay is exempt from collection. (12 V.S.A. 3170)

4. **Insurance or disability** payments are exempt. (8 V.S.A. §§ 3706-3709, 4478;12 V.S.A. § 3020).

5. **Assets**, the following assets are exempt from attachment or seizure:
   a. **Cash** up to $700 in cash or bank deposits (12 V.S.A. § 2740 (15)).
   b. **Deposits** in bank accounts that receive money from Social Security Administration (31 C.F.R. 212).
   c. **Primary Home** up to a limit of $125,000 in value (27 V.S.A. § 101).
   d. **Motor Vehicle(s)** up to $2,500 in value (12 V.S.A. § 2740(1)).
   e. **Professional Tools** and books up to $5,000 (12 V.S.A. § 2740(2)).
   f. **Overall Exemption:** If you have not already claimed $7,000 in exemptions in other categories, then you may claim up to that amount, plus an additional $400 to protect other property you own. (12 V.S.A. § 2740(7)).

6. **Retirement Assets**
   a. **Pension Benefits** including various federal pension benefits (29 U.S.C. § 1056(d); 45 U.S.C. § 231(m); 5 U.S.C. § 8346).
   b. **Retirement Accounts** including payments under annuity policies or plans, and individual tax-deductible retirement accounts, Keogh plans, and Roth IRA's. (12 V.S.A. § 2740 (16)).

7. **All Other Exemptions set forth in Title 12 § 2740.**

P0215452
4858-3040-8445

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THE ESTATE OF GREGORY DAVIS, )<br>Melissa Davis, Administrator and )<br>MELISSA DAVIS, individually, )<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>SERHAT DANIEL GUMRUKCU, )<br>WILLIAM A. WITTEKIND, )<br>SG & AW HOLDINGS, LLC and )<br>GTB HOLDINGS, LLC, )<br>      Defendants. ) | Civil Case No. 5:22-cv-0123-gwc |

## ORDER OF APPROVAL

The *Amended Writ of Attachment* issued by this Court on October 30, 2023 (ECF doc. # 96) is amended so as to attach, in the amount of twenty-five million ($25,000,000) dollars, the following property of Serhat Daniel Gumrukcu:

> 12.8 million shares of the stock of Enochian Biosciences (now known as Renovaro Biosciences, Inc.) in certificates titled in the name of Serhat Daniel Gumrukcu and other variations of his name only, currently held in a joint account in the names of Serhat Daniel Gumrukcu and William Anderson Wittekind at J.P. Morgan Securities LLC in the State of New York in J. P. Morgan account number ending in 6024; and

> All of Serhat Daniel Gumrukcu's interests in SG & AW Holdings, LLC and in GTB Holdings, LLC, both California limited liability companies;

to satisfy any judgment for damages and costs that may be recovered by either or both of the plaintiffs against Serhat Daniel Gumrukcu in this civil action.

Dated at Burlington, in the District of Vermont, this 1st day of August, 2024

                _____
                Geoffrey W. Crawford
                Judge, U.S. District Court

4858-3040-8445

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 AUG -2 PM 1:54

CLERK

BY_____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| THE ESTATE OF GREGORY DAVIS, Melissa Davis, Administrator, and MELISSA DAVIS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>SERHAT DANIEL GUMRUKCU, WILLIAM ANDERSON WITTEKIND, SG & AW HOLDINGS, LLC, and GTB HOLDINGS, LLC,<br><br>Defendants. | Case No. 5:22-cv-123 |

**ORDER ON MOTION TO ATTACH ADDITIONAL PROPERTY OF SERHAT GUMRUKCU**
**(Doc. 102)**

By order dated October 27, 2023, the court granted Plaintiffs' motion for an order of approval for a writ of attachment against assets of defendant Serhat Gumrukcu. (Doc. 95.) The order was limited to 12.8 million shares of Renovaro Biosciences Inc. shares held by Serhat Gumrukcu. At the time of the order, the shares were valued at approximately $4.00 per share for a total value of approximately $50 million dollars. The share price has now fallen to approximately $.77 per share and the value on paper of the existing attachment is approximately $9.8 million. The attachment is below the $25 million sought by Plaintiffs as pre-judgment security in this wrongful-death action.

Plaintiffs seek to attach additional property of Serhat Gumrukcu in order to increase the amount of the attachment. This additional property is described in the proposed order of approval as "[a]ll of Serhat Daniel Gumrukcu's interests in SG & AW Holdings, LLC and in

4858-3040-8445

GTB Holdings, LLC, both California limited liability companies." (Doc. 102-1 at 2.)[1]  Serhat Gumrukcu and his spouse William Wittekind previously formed the two limited liability companies to hold title to a residence and a commercial building in California. Serhat Gumrukcu has sought to disclaim any interest in these companies in favor of Mr. Wittekind. The parties contest the validity of the disclaimer and Plaintiffs have named Mr. Wittekind and the two limited liability companies as defendants in this lawsuit.

Defendant Serhat Gumrukcu opposes the motion to expand the attachment to reach his interest in the limited liability companies. He argues that the motion is premature because this civil case is stayed pending resolution of the criminal case against him in this court, *United States v. Gumrukcu*, No. 22-cr-58. He also maintains that Plaintiffs' motion lacks factual and procedural support. (*See* Doc. 105.) William Wittekind and the two LLC defendants join Serhat Gumrukcu's opposition. (Doc. 106.) The court considers Defendants' procedural and substantive arguments in turn. For the reasons discussed below, the court GRANTS the motion to attach additional property of Serhat Gumrukcu (Doc. 102) and will enter the new Order of Approval as filed on May 3, 2024.

I.    **Effect of the Stay**

Due to the pendency of the criminal case against Serhat Gumrucku, this civil case has been stayed since April 6, 2023, subject to the completion of certain items specified in the court's order on that date. (*See* Doc. 66.) However, the court previously ruled in October 2023 that if the Renovaro (known then as Enochian Biosciences, Inc.) shares declined in value,

---

[1] In their reply memorandum, Plaintiffs assert that the court should also extend the attachment to include the 89,000 shares of stock jointly held by Serhat Gumrukcu and William Wittekind. (Doc. 107 at 2; *see also* Doc. 107-2 at 2.) The court declines to rule on that request because it does not appear in Plaintiffs' moving papers and it would be unfair to Defendants to rule on an issue that was not squarely presented.

2

Plaintiffs would be "free to return to court to renew their allegations that these other assets [including the defendants' equity in California real estate held by the two LLCs] may also be attached." (Doc. 94 at 9.) Plaintiffs' pending motion does just that; the court's October 2023 order authorizes litigation of this issue notwithstanding the stay.

## II. Prejudgment Attachment Extending to the LLCs

The basis on which the court previously ordered the attachment of Serhat Gumrukcu's shares in Renovaro applies equally to his interest in the two LLCs (whatever it may turn out to be) and there is no representation from either side that the facts supporting the original attachment have changed. The only change is that the value of the Renovaro shares has dropped. Plaintiffs are entitled to add additional property to the original attachment. The primary property known to exist is Serhat Gumrukcu's interest in the two limited liability companies. Although the parties have previously presented arguments (see Dopcs. 74, 79, 80, 81) about who owns the LLCs – and thus whether the LLCs are property "of the defendant" under V.R.C.P. 4.2(c),(D)(1) – it is unnecessary to address those issues here. The court will approve attachment of "{a}ll of Serhat Daniel Gumrucku's interests" in the LLCs (Doc. 201-2 at 2) without specifying what those interest may be.

SO ORDERED

Dated at Burlington, in the District of Vermont, this ___ day of August, 2024.

Geoffrey W. Crawford,
United States District Court Judge

3

4858-3040-8445